UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN TROTTER,<br><br>Petitioner,<br><br>v.<br><br>DEUEL VOCATIONAL INSTITUTION,<br><br>Respondent. | Case No. 1:18-cv-01643-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT ABSTAIN FROM EXERCISING JURISDICTION AND DISMISS CASE WITHOUT PREJUDICE<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Christopher John Trotter, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Because petitioner has appealed his conviction and that appeal remains pending in state court, I recommend that the court abstain from exercising jurisdiction and dismiss the case without prejudice.

Principles of comity and federalism require federal courts to abstain from interfering with pending state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); 28 U.S.C. § 2283. Federal courts abstain from addressing asserted violations of federal constitutional rights when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the

1

ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). When these requirements are met, a district court must dismiss the action and lacks the discretion to do otherwise, absent extraordinary circumstances. *See Cook v. Harding*, 190 F. Supp. 3d 921, 935, 938 (C.D. Cal. 2016), *aff'd*, 879 F.3d 1035 (9th Cir. 2018). Extraordinary circumstances include a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Arevalo*, 882 F.3d at 766.

Conservation of judicial resources, considerations of "wise judicial administration," and interests in avoiding duplicative litigation provide another basis for abstention. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The Supreme Court in *Colorado River* identified four factors that a federal court may consider in deciding whether to abstain: (1) whether the state court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. *Id*. at 818-19. The Supreme Court later added two more factors: (5) whether federal or state law provides the rule of decision on the merits and (6) whether the state court proceedings are inadequate to protect the federal litigant's rights. *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp*., 460 U.S. 1, 23 (1983). The Ninth Circuit considers one more factor: (7) prevention of forum-shopping. *See Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1367-68 (9th Cir. 1990). No single factor is dispositive. *See Colorado River*, 424 U.S. at 818-19.

Here, abstention is appropriate under both *Younger* and *Colorado River*. As for *Younger* abstention, petitioner is still challenging his conviction on direct appeal. *People v. Trotter*, No. C089651 (Cal. App. Ct. 3rd Dist. filed Jun. 10, 2019). The state criminal appeal implicates the important state interest of fair adjudication of criminal charges. The appeal allows petitioner an adequate opportunity to raise his claims; we have no reason to conclude otherwise. The requested relief from this court—habeas relief—would have the practical effect of enjoining the state proceeding because the state proceeding would be moot.[1]

---

[1] Petitioner raises two claims. First, he contends that certain state actors took advantage of his mental disabilities during state-court proceedings. ECF No. 1 at 1. Second, he argues that the

2

Abstention under *Colorado River* is appropriate as well. If petitioner succeeds in his state-court proceeding, his petition in this case would be moot. This court's decision would be on the merits. The state proceeding is adequate to protect petitioner's federal rights. Other factors may weigh against abstention, but the critical concern under *Colorado River*—avoiding duplicative proceedings—weighs heavily in favor of abstention.

In sum, both *Younger* and *Colorado River* counsel abstention. The court should abstain from exercising jurisdiction and dismiss this case without prejudice.

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not disagree with our conclusion or find that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

---

state trial court miscalculated his sentence credits in the abstract of judgment dated October 5, 2018. *See* ECF No. 1 at 1, 6; ECF No. 15 at 2-3. If this court grants habeas relief on the first claim, petitioner's direct appeal would be practically enjoined.

As for the second claim, it appears that the state trial court issued a new abstract of judgment on December 17, 2018. *See People v. Trotter*, No. 16F6958 (Calaveras Sup. Ct. Dec. 17, 2018). If the new judgment corrected the alleged error identified by petitioner, the habeas claim might be moot. In any event, petitioner must first present his claims in state court.

**I.      Order**

The clerk of court is directed to assign this case to a U.S. District Court Judge.

**II.     Findings and Recommendations**

I recommend that the court abstain from exercising jurisdiction, dismiss this case without prejudice, and decline to issue a certificate of appealability. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, these findings and recommendations are submitted to the U.S. District Court Judge presiding over this case. Within fourteen days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:      September 25, 2019

UNITED STATES MAGISTRATE JUDGE

No. 202